UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED SATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>KEITH E. PEER,<br><br>             Defendant. | No. CR-04-38-FVS<br><br>ORDER DENYING MOTION TO VACATE |

   **THIS MATTER** comes before the Court without oral argument based upon the defendant's motion to vacate his conviction. 28 U.S.C. § 2255. He is representing himself. The government is represented by Assistant United States Attorney Stephanie Van Marter.

   **BACKGROUND**

   The defendant was indicted on February 3, 2004. On August 11, 2004, a grand jury returned the fourth superseding indictment. The defendant exercised his right to trial by jury. The trial began on August 23rd. The Court instructed the jury on September 10th. Jury Instruction No. 3 summarized the charge:

> That . . . or about December 1, 2002, and continuing until on or about February 4, 2004, in the Eastern District of Washington and elsewhere . . . Keith E. Peer . . . did knowingly conspire to distribute methamphetamine and cocaine in violation of the laws of the United States.

(ECF No. 128.) The Court gave the jury a verdict form that contained three questions. The purpose of the questions was to have the jury

ORDER - 1

clarify the defendant's role in the conspiracy.  Question No. 1 stated:

> We, the Jury, find the defendant, Keith E. Peer, _____ of conspiracy to distribute cocaine.

Question No. 2 stated:

> We, the Jury, find the defendant, Keith E. Peer, _____ of conspiracy to distribute methamphetamine.

The jury was to enter the words "not guilty" or "guilty" in the blank. On September 14th, the jury returned a verdict.  It determined the defendant had not conspired to distribute cocaine, but that he had conspired to distribute methamphetamine.  The next day, the jury made a finding that the defendant had possessed a firearm in connection with the conspiracy.  On December 15th, this Court sentenced him to a term of 324 months imprisonment.  He appealed.  The Ninth Circuit affirmed his conviction.  *United States v. Peer*, 171 Fed.Appx. 140, 2006 WL 620959 (9th Cir.2006).  In doing so, the circuit court ruled: (1) law enforcement officers did not enter his residence in violation of the Fourth Amendment or the federal knock-and-announce statue; (2) this Court properly admitted evidence concerning firearms which law enforcement officers had seized; (3) this Court properly admitted a letter the defendant had written to a codefendant; (4) the government did not violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose a law enforcement officer's rough notes of an interview; (5) there was no fatal variance between the fourth superseding indictment and the evidence which the government offered at trial; (6) the evidence offered by the

ORDER - 2

government was sufficient to prove the defendant participated in the conspiracy alleged in the indictment; and (7) he suffered no prejudice as a result "of evidence pertaining to other individuals who may not have been members of the same underlying conspiracy." *Peer*, 171 Fed.Appx. at 143.  While the Ninth Circuit affirmed the defendant's conviction, it remanded the matter so this Court could determine whether it would have imposed the same sentence had it known the United States Sentencing Guidelines are advisory.  On March 26, 2007, this Court sentenced the defendant to a term of 235 months imprisonment.  He appealed.  The Ninth Circuit affirmed the new sentence.  *United States v. Peer*, 305 Fed.Appx. 442, 2008 WL 5411348 (9th Cir.2008).  In doing so, the circuit court rejected the following arguments: (1) that this Court failed to adequately consider disparities between the defendant's sentence and the sentences of his codefendants; and (2) that this Court improperly relied upon the presentence investigation report and the jury's findings in calculating his guideline range.  The defendant filed a petition for a writ of certiorari.  The Supreme Court denied the writ on October 5, 2009.  He filed a timely motion to vacate, which sets forth 16 grounds for relief.

**RULINGS**

Ground 1 (grand jury)

The defendant's trial took place after *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), but before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Prior to trial, the government asked a new grand jury to return a

ORDER - 3

superseding indictment that conformed with *Blakely*.  The government claims the new grand jury had an opportunity to review all of the evidence the original grand jury considered.  The defendant is unpersuaded by the government's assurances.  He is concerned that the new grand jury was not presented with evidence establishing he committed a crime in the Eastern District of Washington.  In his opinion, the only way in which the Court can resolve this issue is by conducting an evidentiary hearing.

*Ruling*:

The defendant did not challenge the validity of the fourth superseding indictment during his direct appeal.  Consequently, this claim is procedurally defaulted unless he can demonstrate one of two things: either cause and prejudice for his failure to assert it during his direct appeal, or the likelihood he is innocent of the crime. *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir.2007), *cert. denied*, 553 U.S. 1025, 128 S.Ct. 2098, 170 L.Ed.2d 829 (2008).  He may establish cause for failing to raise this claim during his direct appeal by, for example, showing he lacked a legal or a factual basis for the claim at that time.  *Id.* at 1150.  He has not made such a showing.  Thus, this claim is procedurally defaulted unless he can demonstrate he likely is innocent.  In an effort to satisfy this requirement, the defendant argues venue was improper.  "Article III of the Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure all guarantee that a defendant will be tried in the state where the crimes were committed." *United States v. Corona*, 34 F.3d 876, 878-79 (9th Cir.1994).  The defendant maintains

ORDER - 4

"he did not commit any crime in the State of Washington." (Defendant's Reply (ECF No. 301 at 3.)  He is mistaken.  He was charged with committing the crime of conspiracy.  When a person is accused of committing the crime of conspiracy, venue is proper in any district in which an overt act occurred.  This is true whether the act was committed by the accused or by one of his alleged coconspirators.  *See Corona*, 34 F.3d at 879.  The defendant does not deny the government presented evidence from which the jury rationally could have found that at least one of his alleged coconspirators committed an overt act in the Eastern District of Washington.  As a result, venue lay in this district even assuming, as he alleges, he did not engage in any conduct in support of the conspiracy in the State of Washington.

Ground 2 (jurisdiction)

The defendant alleges that a judicial officer in the Eastern District of Washington issued the warrant for his arrest; that law enforcement officers arrested him in the State of Idaho; and that they transported him from Idaho to Washington for his initial appearance without complying with the Uniform Criminal Extradition Act.  He claims that, as a result, the Court never obtained personal jurisdiction over him.

*Ruling*:

The defendant did not challenge the existence of personal jurisdiction on appeal.  As explained above, he has failed to demonstrate either cause and prejudice or a likelihood of actual innocence.  Consequently, this claim is procedurally defaulted.

ORDER - 5

Furthermore, it lacks merit. As a general rule, "'the manner by which a defendant is brought to trial does not affect the government's ability to try him.'" *United States v. Struckman*, 611 F.3d 560, 571 (9th Cir.2010) (quoting *United States v. Matta-Ballesteros*, 71 F.3d 754, 762 (9th Cir.1995)). There are exceptions to this rule, but the defendant has not shown he falls within any of them.

### Grounds 3 and 4 (venue)

As explained above, the defendant denies the Eastern District of Washington was the proper venue for the conspiracy charge of which he was convicted. He contends the government failed to present evidence from which the jury could have found he committed any act in furtherance of the conspiracy in this district.

*Ruling*:

On appeal, the defendant did not dispute that venue lay in this district. As explained above, he has failed to demonstrate either cause and prejudice or a likelihood of actual innocence. Consequently, this claim is procedurally defaulted. Furthermore, it lacks merit because the defendant does not deny the government presented evidence from which the jury rationally could have found that at least one of his coconspirators committed an overt act in this district. As a result, this district was a proper venue for the charge.

### Ground 5 (verdict form)

The defendant was charged in the fourth superseding indictment with participating in a conspiracy to distribute methamphetamine and cocaine. Jury Instruction No. 17 stated:

ORDER - 6

> In order for Keith Peer to be found guilty of the charge of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, beginning on or about a date unknown but by on or about December 1, 2002, until February 4, 2004, there was an agreement between two or more persons to distribute methamphetamine and/or cocaine.
>
> Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

(ECF No. 128.) The Court asked the jury to make separate determinations with respect to whether he was guilty of conspiring to distribute cocaine and whether he was guilty of conspiring to distribute methamphetamine. (ECF No. 129.) The defendant argues that the verdict form constructively amended the indictment to charge him with two conspiracies. As it turned out, the jury determined that while he had conspired to distribute methamphetamine, he had not conspired to distribute cocaine. The defendant argues the jury's determination that he did not conspire to distribute cocaine necessitates his acquittal on the overall conspiracy charge.

*Ruling*:

On appeal, the defendant argued there was a fatal variance between the fourth superseding indictment and the evidence that was presented at trial. He also argued the evidence effected a constructive amendment of the indictment. The Ninth Circuit rejected both arguments. In fairness to the defendant, the circuit court's rulings do not resolve the arguments he now makes in Ground 5. However, this circumstance avails him naught. The arguments he now make are ones he could have made during his direct appeal. He has not

ORDER - 7

attempted to establish cause for his failure to do so. It follows that Ground 5 is procedurally defaulted. Furthermore, Ground 5 lacks merit even if the defendant could establish cause and prejudice. On the same day the Ninth Circuit affirmed the defendant's conviction, a separate panel decided *United States v. Corrales-Quintero*, 171 Fed.Appx. 33, 2006 WL 620732 (9th Cir.2006). In that case, the Ninth Circuit rejected arguments that are virtually identical to the ones the defendant is now making. Like the defendant, Mr. Corrales-Quintero was charged with conspiracy. The government alleged the conspiracy had two objectives. One was to distribute cocaine. The other was to distribute marijuana. As in this case, the district judge asked the jury to complete a special verdict form which contained two parts. Part A required the jury to determine whether Mr. Corrales-Quintero had conspired to distribute cocaine. Part B required the jury to determine whether he had conspired to distribute marijuana. "The jury responded 'guilty' to part A and 'not guilty' to part B." *Id.* at 34. The divergence in verdicts formed the basis of Mr. Corrales-Quintero's first argument. He claimed the jury's non-guilty verdict with respect to part B implied an acquittal on the overall conspiracy. The Ninth Circuit disagreed:

> In *United States v. O'Looney*, 544 F.2d 385, 391-92 (9th Cir.1976), we held that special verdict forms are allowed when there is one conspiracy with two objectives. . . . While [the special verdict form described above] appears to charge two conspiracies because it uses the word "conspiring" twice, the jury instructions given at trial made it clear that the jury could not find [the defendant] guilty of any conspiracy if they did not find there was an overall agreement. Read in conjunction with these

ORDER - 8

> instructions, the special verdict did not present two separate conspiracies, but rather, two objectives; acquittal of one objective does not affect conviction on the other objective.

*Corrales-Quintero*, 171 Fed.Appx. at 34. Next, Mr. Corrales-Quintero complained about the wording of the special verdict form. He said it effected a constructive amendment of the indictment. Again, the Ninth Circuit disagreed:

> While the special verdict form itself uses the word "conspiring" twice, when read in the context of the jury instructions, it is clear the special verdict form was designed not to divide the one overall conspiracy into two separate conspiracies, but rather to allow the jury to find that, although the overall conspiracy involved the distribution of both marijuana and cocaine, the defendant participated in one, both, or neither of those two objectives.

*Corrales-Quintero*, 171 Fed.Appx. at 35. So, too, in the defendant's case. The fourth superseding indictment alleged a single conspiracy with two objectives. One alleged objective was to distribute methamphetamine. The other alleged objective was to distribute cocaine. The Court properly asked the jury to determine, by means of a special verdict form, whether the defendant participated in either objective. The Court did not constructively amend the indictment by asking the jury to make those determinations.

<u>Ground 6 (multiple conspiracies)</u>

On appeal, the defendant argued the evidence proved the existence of multiple conspiracies rather that a single, overarching conspiracy with one of his codefendant's as the "hub." *Peer*, 171 Fed.Appx. at

ORDER - 9

143. The Ninth Circuit rejected this argument. Not only that, but the circuit court also ruled the evidence was sufficient to support his conviction. He maintains the panel's decision in his case was inconsistent with the decision it had reached the day before in the case of a codefendant, Michael Gross. Like the defendant, Mr. Gross alleged that the evidence proved the existence of multiple conspiracies. The defendant claims the panel that considered Mr. Gross' appeal agreed. In the defendant's opinion, the decision in Mr. Gross' case supports his contention that multiple conspiracies existed and the government failed to prove he joined the conspiracy that was alleged in the fourth superseding indictment.

*Ruling*:

The are two problems with Ground 6. To begin with, the Ninth Circuit considered and rejected the defendant's multiple-conspiracies argument. "'[W]hen a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.'" *United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir.1999) (quoting *Odom v. United States*, 455 F.2d 159, 160 (9th Cir.1972)). Moreover, the defendant has misconstrued the Ninth Circuit's decision in Mr. Gross' case. Contrary to the defendant, the Ninth Circuit did not conclude in Mr. Gross' case that multiple conspiracies existed. Rather, the Ninth Circuit said, "Upon review of the entire record in this case, we **could** conclude that the Government proved the existence of multiple conspiracies rather than a single 'hub and spoke' conspiracy with Omar Lizarrala-Cedano at the center. However, **we need not definitively decide the issue** as we find that Gross' substantial rights were not

prejudiced by any evidentiary spillover." *United States v. Gross*, 170 Fed.Appx. 478, 479, 2006 WL 616048 (9th Cir.2006) (emphasis added). Nothing in the above-quoted passage is inconsistent with anything the Ninth Circuit said in the defendant's case.

### Ground 7 (ineffective assistance)

The defendant alleges his trial attorney failed to provide constitutionally effective assistance of counsel. For one thing, the defendant claims his trial attorney should have objected to the special verdict form. For another thing, he claims his trial attorney should have petitioned for rehearing en banc in order to obtain clarification of the alleged inconsistency between the opinion that the panel issued in his case and the opinion that it issued in Mr. Gross' case.

*Ruling*:

In order to prevail, the defendant must demonstrate both that his trial attorney's performance was deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He cannot satisfy the first prong of the test. As explained above, the special verdict form was proper. The defendant's trial attorney did not err in accepting it. Furthermore, as explained above, there is no material inconsistency between the opinion in Mr. Gross's case and the opinion in the defendant's case. The defendant's attorney did not err in failing to seek rehearing en banc.

### Ground 8 (elements of the crime)

The fourth superseding indictment charged the defendant with

ORDER - 11

conspiring to distribute two controlled substances.  The defendant argues the drug types that were listed in the indictment -- *i.e.*, methamphetamine and cocaine -- were elements of the crime of which he was charged and, thus, the government had to prove he conspired to distribute both substances.  As the defendant points out, the jury determined he had not conspired to distribute cocaine.  That being the case, says the defendant, the jury failed to convict him of every element of the crime charged.

*Ruling*:

The defendant did not raise this issue on appeal.  Thus, it is procedurally defaulted.  Furthermore, the defendant's argument rests upon an unwarranted assumption, *viz.*, that every controlled substance that is listed in an indictment becomes a formal element of the crime charged.  Such is not the case.  While drug type may qualify as the functional equivalent of an element for purposes of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), drug type is not a formal element of the crime that must be proved beyond a doubt in order to sustain a conviction.  *United States v. Toliver*, 351 F.3d 423, 430 (9th Cir.2003).  Consequently, the government did not need to prove the defendant conspired to distribute both methamphetamine and cocaine.

Ground 9 (firearm sentencing enhancement)

The Court added two levels to the defendant's base offense level as a result of the jury's determination that he had possessed a firearm in connection with the crime of conspiracy to distribute a controlled substance.  The defendant challenged this enhancement on

ORDER - 12

appeal. The Ninth Circuit rejected the challenge and affirmed his sentence. The defendant claims the circuit court erred.

*Ruling*:

The defendant may not reargue the correctness of the Ninth Circuit's decision. *See Scrivner*, 189 F.3d at 828.

Ground 10 (admissibility of letters)

The Court admitted two "jailhouse letters." One was written by Christopher Awbery. The other was written by Michelle Mitchell. On appeal, the defendant challenged the admissibility of Miss Mitchell's letter, but not Mr. Awbery's. The defendant argues the letters' admission violated the Confrontation Clause and the Federal Rules of Evidence.

*Ruling*:

The defendant may not reargue the correctness of the Ninth Circuit decision with respect to Miss Mitchell's letter. His allegation that the Court should not have admitted Mr. Awbery's letter is procedurally defaulted.

Ground 11 ("rough notes")

Thomas Sullivan is an agent with the Drug Enforcement Agency ("DEA"). He interviewed Jason Anderson, one the defendant's codefendants. Agent Sullivan took notes during the course of the interview. He used his notes to prepare a written report. Although the record is unclear, it appears he discarded his "rough notes" after he prepared the report. The government called both Mr. Anderson and Agent Sullivan as witnesses. Mr. Anderson testified on the 6th and 7th of September. Agent Sullivan testified on the 7th and 8th. While

ORDER - 13

on the witness stand, Agent Sullivan related statements that allegedly had been made by Mr. Anderson. The defendant argues Agent's testimony raises three issues: whether Agent Sullivan improperly withheld his rough notes in violation of *Brady v. Maryland, supra*; whether Agent Sullivan's recitation of Mr. Anderson's alleged statements violated the Confrontation Clause; and whether, pursuant to the Jencks Act, the defendant's trial attorney should have requested copies of Mr. Anderson's statements and Agent Sullivan's statements before cross-examining them. 18 U.S.C. § 3500(b).

*Ruling*:

On appeal, the defendant argued the government deprived him of due process by failing to disclose Agent Sullivan's rough notes. The Ninth Circuit rejected the argument because the defendant failed to demonstrate the notes contained any material information. *Peer*, 171 Fed.Appx. at 142-43. The defendant complains there is no way for him to show the notes contained material information without examining the notes. He urges the Court to review them. The request is unwarranted. The Ninth Circuit rejected the defendant's *Brady* claim on appeal. He may not reargue the Ninth Circuit's decision under § 2255.

The defendant did not present his Confrontation Clause claim to the Ninth Circuit. It is procedurally defaulted.

The defendant's ineffective assistance claim is not defaulted. Nevertheless, it lacks merit. For one thing, there is no evidence his trial attorney failed to demand all of the discovery to which he was entitled. For another thing, there is no evidence his attorney's

ORDER - 14

ability to cross-examine Mr. Anderson and Agent Sullivan was compromised by his failure to request discovery.

Ground 12 (Agent Sullivan's presence at counsel table)

During the defendant's trial, Agent Sullivan sat at counsel table with the Assistant United States Attorneys who prosecuted the case. As noted above, Agent Sullivan testified. Some of his testimony was expert testimony. The defendant complains that Agent Sullivan's presence at counsel table violated the spirit of Federal Rule of Evidence 615. Although the defendant acknowledges a district court may permit a law enforcement officer to sit at counsel table, he alleges Agent Sullivan's presence at counsel table improperly enhanced the credibility of his testimony in the eyes of the jury.

*Ruling*:

The defendant defaulted this allegation by failing to raise it on direct appeal.

Grounds 13 and 14 (improper joinder; failure to seek severance)

The defendant was tried with three codefendants. He argues his case was improperly joined for trial with their cases. He alleges his trial attorney deprived him of constitutionally effective assistance by failing to seek severance. The defendant claims he suffered prejudice from the spillover of evidence pertaining to them.

*Ruling*:

The Ninth Circuit did not address this claim on direct appeal. Nevertheless, the circuit court's ruling with respect to a related issue forecloses this claim. As will be recalled, the defendant argued on appeal that the evidence presented by the government proved

ORDER - 15

the existence of multiple conspiracies and that he suffered prejudice from evidentiary spillover. The Ninth Circuit disagreed; concluding the defendant's case was "highly analogous" to *United States v. Duran*, 189 F.3d 1071, 1081 (9th Cir.1999):

> In *Duran*, the Court concluded that evidence proving the existence of two conspiracies to distribute cocaine rather than the single conspiracy charged in the indictment did not result in prejudicial spillover because the evidence concerning each conspiracy was readily "compartmentalized," in that each conspiracy "involved discrete events separated by time, distance, purpose, method of operation, and personnel." *Id.* at 1082. The instant case is highly analogous to *Duran*, in that the evidence against Peer was easily compartmentalized and was alone enough to support his conviction. Thus, we find that Peer was not prejudiced by the presentation of evidence pertaining to other individuals who may not have been members of the same underlying conspiracy.

*Peer*, 171 Fed.Appx. at 143. Given this conclusion, it is clear the Ninth Circuit would have rejected any argument that the defendant was entitled to severance under Federal Rule of Criminal Procedure 14(a). The defendant's trial attorney did not deprive him of constitutionally effective assistance by failing to seek such relief.

<u>Ground 15 (verdict form)</u>

The defendant reiterates arguments he already has made in support of Grounds 5, 7, and 8. He continues to maintain his trial attorney should have requested a verdict form that required the jury to make an up or down determination with respect to whether he conspired to distribute methamphetamine and cocaine. He is convinced that since the jury acquitted him of conspiring to distribute cocaine, the jury

would have acquitted him of a charge of conspiring to distribute both cocaine and methamphetamine. In his opinion, this is how the issue should have been presented to the jury.

*Ruling*:

Framed as an ineffective assistance claim, this claim is not defaulted. Nevertheless, it lacks merit for the reasons set forth above. In essence, it rests upon the mistaken assumption that the government had a duty to prove he conspired to distribute both methamphetamine and cocaine.

Ground 16 (vindictive prosecution/selective prosecution)

Originally, the government's theory of the case was that the defendant had conspired to distribute methamphetamine. The indictment did not mention cocaine. That changed when the defendant rejected the government's proposed plea agreement. Thereafter, the government sought a superseding indictment that listed cocaine as one of the controlled substances he allegedly conspired to distribute. The defendant submits the government's decision to seek a superseding indictment reflects vindictiveness. In the alternative, the defendant suggests he may have been a victim of selective prosecution.

*Ruling*:

The defendant defaulted this claim by failing to raise it on direct appeal. Furthermore, it lacks merit. A prosecutor does not deprive an accused of due process by seeking harsher penalties in the event he refuses to plead guilty. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363-65, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)). Nor does a prosecutor deprive an accused of due process by selectively seeking

harsher penalties based upon circumstances that are unique to his case. *See United States v. Culliton*, 328 F.3d 1074, 1081 (9th Cir.2003) (per curiam) ("'"The two elements of a selective prosecution claim are that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution of the defendant was based on an impermissible motive.'" (quoting *United States v. Balk*, 706 F.2d 1056, 1060 (9th Cir.1983))).

<u>Evidentiary Hearing</u>

The defendant urges the Court to hold an evidentiary hearing pursuant to Rule 8 of the Rules Governing Motions Challenging Sentencing Under Section 2255.

*Ruling*:

In order to qualify for an evidentiary hearing, the defendant must make "specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984)). He is not entitled to a hearing if his "allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Id.* Measured against that standard, there is no need to hold an evidentiary hearing. Even assuming the truth of his factual allegations, he is not entitled to relief under 28 U.S.C. § 2255.

**IT IS HEREBY ORDERED:**

1. The defendant's motion for an evidentiary hearing (**ECF No. 278**) is **denied.**

2. The defendant's motion to vacate (**ECF No. 279**) is **denied.**

ORDER - 18

3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to the defendant and to counsel for the government, and close the case.

**DATED** this ___10th___ day of August, 2011.

s/ Fred Van Sickle<br>
Fred Van Sickle<br>
Senior United States District Judge

ORDER - 19