UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>KEITH E. PEER,<br><br>                Defendant. | CR-04-38-FVS<br><br>ORDER DENYING RECONSIDERATION |

**THIS MATTER** comes before the Court without oral argument based upon the defendant's pro se motion for reconsideration of the Court's order denying resentencing.

**BACKGROUND**

The Court resentenced the defendant on March 26, 2007. His adjusted offense level was 40. He fell in criminal history category II. As a result, his guideline range was 324 to 405 months imprisonment. After reviewing the record, the Court sentenced the defendant to prison for 235 months. There matters stood until the

Order ~ 1

Sentencing Commission amended U.S.S.G. § 2D1.1, U.S.S.G. Manual supp. app. C., amend. 782 (2014), and made the amendment retroactive, U.S.S.G. Manual supp. app. C., amend. 788 (2014). Were the defendant resentenced under Amendment 782, his offense level would drop to 38, but he would remain in criminal history II. Thus, his amended guideline range would be 262-327 months imprisonment. In other words, his existing sentence is 27 months below the low end of the amended guideline range. This circumstance renders him ineligible for relief under Amendment 782 and 18 U.S.C. § 3582(c)(2). There is no question in that regard. U.S.S.G. § 1B1.10(b)(2)(A) states, "Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." The defendant seeks to avoid the limitation imposed by § 1B1.10(b)(2)(A). Although his argument is not entirely clear, he seems to be claiming the Court reduced his offense level from 40 to 37 when it resentenced him during 2007. He urges the Court to subtract two additional levels pursuant to Amendment 782. The result would be an amended offense level of 35. This would

Order ~ 2

yield a guideline range of 188 to 235 months. He urges the Court to resentence him to 188 months in prison.

**RULING**

The defendant's interpretation of his 2007 resentencing is flawed. While it may appear to him the Court reduced his offense level from 40 to 37, that is not what happened. In fact, the Court determined his offense level was 40 and his guideline range was 324 to 405 months in prison. The Court was not required to sentence the defendant to a prison term within that range, and after reviewing the record as a whole, the Court granted a substantial downward variance. The variance was equivalent to a three-level reduction in his offense level, but saying a variance is equivalent to a three-level reduction does not mean the Court actually changed its guideline calculations. Indeed, the Court did not do so. The Court's calculations are clearly set out. The Court determined the defendant had an offense level of 40 and he fell in criminal history category II. As explained above, Amendment 782 reduces the defendant's offense level from 40 to 38, which yields a guideline range of 262-327 months imprisonment. Since the defendant's existing sentence is 27 months below

Order ~ 3

the low end of the range, the Court may not resentence him. Furthermore, even if the Court had authority to modify the defendant's existing sentence, the Court would not do so. His existing sentence is an appropriate sentence.

**IT IS HEREBY ORDERED**:

1. The Court declines to reconsider its order denying resentencing, i.e., ECF No. 313.

2. The defendant's pro se "Motion to Reduce" (**ECF No. 314**) is **denied**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and furnish copies to the defendant and to counsel for the parties.

**DATED** this 29th day of March, 2016.

s/Fred Van Sickle
FRED VAN SICKLE
Senior United States District Judge